EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------|
| Zahíra Y. Colón Collazo | 2016 TSPR 184<br><br>196 DPR ____ |

Número del Caso: AB-2015-77
             TS-16,599


Fecha: 15 de agosto de 2016




Materia: Conducta Profesional – La suspensión será efectiva el 18 de agosto de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Zahíra Y. Colón Collazo
TS-16,599                                    AB-2015-0077


*PER CURIAM*

En San Juan, Puerto Rico, a 15 de agosto de 2016.

Hoy nos vemos obligados a suspender a la Lcda. Zahíra Y. Colón Collazo inmediata e indefinidamente del ejercicio de la abogacía y de la práctica de la notaría debido a su continua desatención a nuestras órdenes y a los requerimientos de los funcionarios de este Tribunal.

I

La licenciada Colón Collazo juramentó al ejercicio de la abogacía el 20 de febrero de 2008 y a la práctica de la notaría el 12 de marzo de 2010. Nos corresponde examinar dos escenarios en donde la conducta de la letrada no se ajustó a nuestras normas de ética profesional.

A. Por un lado, el 24 de febrero de 2015, la Sra. Elba Guzmán Bencosme presentó una queja contra la licenciada Colón Collazo. El 18 de marzo de 2015, la Subsecretaria de este Tribunal le requirió a la letrada que contestara esa queja dentro de un término de diez días. Debido a que la licenciada Colón Collazo no cumplió con ese requerimiento, la Subsecretaria del Tribunal le envió una segunda notificación el 9 de septiembre de 2015 en la que le concedió un nuevo término de diez días para que contestara la queja. Sin embargo, la letrada tampoco contestó esa comunicación. Por esa razón, el 26 de enero de 2016, emitimos una Resolución en la que le concedimos un término final de cinco días a la licenciada Colón Collazo para que compareciera y contestara la queja. Además, le apercibimos a la letrada que su incumplimiento con esa orden podría conllevar la suspensión del ejercicio de la abogacía. No obstante, la licenciada Colón Collazo no compareció ante nos. Consecuentemente, el 24 de junio de 2016 emitimos otra Resolución en la que le concedimos un término final e improrrogable de diez días para que compareciera ante nos y contestara la queja. Igualmente, le apercibimos que el incumplimiento con nuestra orden conllevaría su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Esa Resolución se le notificó personalmente a la letrada el 1 de julio de 2016. Transcurrido ese término, la letrada tampoco compareció ante este Tribunal.

B. Por otro lado, el 12 de mayo de 2015, el Director de la Oficina de Inspección de Notarías (ODIN), presentó un informe especial en el que señaló que le notificó a la letrada que adeudaba varios índices de actividad notarial mensual y varios informes estadísticos de actividad notarial anual. Sin embargo, esa comunicación fue devuelta por el servicio postal debido a que no fue reclamada ("unclaimed"). Ante ese cuadro, el Director de ODIN le envió una segunda notificación a la licenciada Colón Collazo, esta vez por correo ordinario y correo electrónico. En esa ocasión, la ODIN también le solicitó a la letrada que mostrara evidencia del pago de su fianza notarial para varios años. Además, surge del expediente que personal de la ODIN intentó, infructuosamente, comunicarse con la licenciada Colón Collazo a los números telefónicos incluidos en el Registro Único de Abogados y Abogadas (RUA).

Así las cosas, el 29 de mayo de 2015, le concedimos a la letrada un término de veinte días para que se expresara respecto al informe de la ODIN. En ese momento le apercibimos que su incumplimiento con nuestra orden conllevaría sanciones severas, incluso la suspensión del ejercicio de la abogacía. El 28 de julio de 2015, el Director de ODIN presentó una moción en la que nos informó que la licenciada Colón Collazo había incumplido con nuestra orden. El 18 de marzo de 2016, le concedimos a la letrada un término final de diez días para que compareciera

y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con nuestras órdenes. Esa Resolución se le notificó personalmente a la licenciada Colón Collazo. El 8 de abril de 2016, el Director de la ODIN compareció para informarnos que la letrada había incumplido nuevamente con nuestras órdenes.

No obstante, el 7 de junio de 2016, el Director de la ODIN nos informó que la licenciada Colón Collazo presentó una comunicación a esa oficina en la que indicó que se había mudado a Estados Unidos, que interesaba cesar el ejercicio de la notaría, que entregaba su obra notarial y presentaba los informes de actividad notarial mensual e informes estadísticos de actividad notarial anual adeudados. La ODIN inspeccionó la obra notarial de la letrada y encontró varias deficiencias de forma y arancelarias. Estas se le notificaron a la licenciada Colón Collazo, quien indicó que las subsanaría. Así, la ODIN nos recomendó que le brindáramos un término a la letrada para que: completara el proceso de subsanación de su obra protocolar, presentara evidencia del pago de su fianza notarial y completara su cesación al ejercicio de la notaría. De esa forma, el 14 de junio de 2016, emitimos una Resolución en la que le concedimos a la licenciada Colón Collazo un término de treinta días para que llevara a cabo lo anterior. No obstante, esa Resolución fue devuelta por el servicio postal. Naturalmente, la letrada no compareció ante nos en el término provisto.

II

El Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C.9, dispone, en lo aquí pertinente que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Conforme a este canon, "procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias". In re Colón Cordovés, Op. de 16 de mayo de 2016, 2016 TSPR 94, págs. 4-5, 195 DPR ___ (2016). Lo mismo sucede cuando se ignoran los requerimientos de los funcionarios de este Tribunal o de la ODIN. In re Ezratty Samo, et al., Op. de 8 de enero de 2016, 2016 TSPR 19, págs. 8-9, 194 DPR ___ (2016). Esto se debe a que el menosprecio que demuestra un abogado que desatiende las órdenes o requerimientos oficiales trastoca y afecta nuestra función reguladora de la profesión legal en Puerto Rico. In re Rodríguez Zayas, Op. de 11 de diciembre de 2015, 2015 TSPR 175, pág. 6, 194 DPR ___ (2015).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R.9(j), establece que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". El cumplimiento con esta obligación les permite a los abogados

responder con prontitud a las comunicaciones que reciban y, además, garantiza que podamos ejercer eficazmente nuestras funciones reguladoras de la profesión legal en Puerto Rico. In re Colón Cordovés, supra, pág. 6. "[I]ncumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por lo tanto, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía". In re Álvarez Westwood et al., Op. de 14 de marzo de 2016, 2016 TSPR 46, pág. 13, 194 DPR ___ (2016).

III

La licenciada Colón Collazo ignoró dos requerimientos de la Subsecretaria de este Tribunal para que contestara una queja que se presentó en su contra. Además, incumplió nuestras órdenes a esos fines. Esa conducta es contraria a la requerida por el Canon 9 de Ética Profesional, supra, y suficiente, por sí sola, para que suspendamos a la letrada de forma inmediata e indefinida del ejercicio de la profesión.

No obstante, la licenciada Colón Collazo también desatendió en múltiples ocasiones las comunicaciones y los requerimientos del Director de la ODIN relacionadas a una serie de deficiencias en su gestión y obra notarial. Además, la licenciada Colón Collazo ignoró varias órdenes de este Tribunal con relación a este mismo asunto. El hecho de que ella eventualmente respondiera a los requerimientos de la ODIN no subsana lo anterior. De hecho, al día de hoy,

no ha comparecido ante nosotros y las actualizaciones respecto a este asunto que constan en el expediente son producto de mociones presentadas por el Director de la ODIN. Este patrón de displicencia no es compatible con lo que exige el Canon 9 de Ética Profesional, supra.

Finalmente, la licenciada Colón Collazo incumplió con el deber de actualizar la información de contacto en el RUA, lo que ha obstaculizado los trabajos de este Tribunal. Ese incumplimiento, sin lugar a dudas, no se ajusta a los estándares de conducta exigibles a un letrado en Puerto Rico.

IV

Ante el escenario antes descrito, nos vemos obligados a ejercer nuestro poder inherente de regular la profesión jurídica en Puerto Rico. En consecuencia, suspendemos a la Lcda. Zahíra Y. Colón Collazo inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se ordena a la señora Colón Collazo a notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término

de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Director de la Oficina de Inspección de Notarías que nos presente un informe respecto al estado de la obra notarial de la señora Colón Collazo.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Colón Collazo mediante correo certificado con acuse de recibo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Zahíra Y. Colón Collazo                  AB-2015-0077
TS-16,599


SENTENCIA

En San Juan, Puerto Rico, a 15 de agosto de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, nos vemos obligados a ejercer nuestro poder inherente de regular la profesión jurídica en Puerto Rico. En consecuencia, suspendemos a la Lcda. Zahíra Y. Colón Collazo inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se ordena a la señora Colón Collazo a notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Director de la Oficina de Inspección de Notarías que nos presente un informe respecto al estado de la obra notarial de la señora Colón Collazo.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez no intervinieron.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo