EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Federico Ducoudray Acevedo | 2017 TSPR 11 <br><br> 197 DPR ____ |

Número del Caso: TS-11,576

Fecha: 20 de enero de 2017

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

Materia: Conducta Profesional – Suspensión de será efectiva el 31 de enero, fecha en que se la notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Federico Ducoudray Acevedo    TS-11,576

PER CURIAM

San Juan, Puerto Rico, a 20 de enero de 2017.

I

El Lcdo. Federico Ducoudray Acevedo (licenciado Ducoudray Acevedo) fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y prestó juramento como notario el 14 de agosto de 1996. Esencialmente, el asunto de epígrafe surge a raíz de que el licenciado Ducoudray Acevedo fue declarado culpable por el Tribunal Federal para el Distrito de Puerto Rico de un cargo por intervenir con un testigo, víctima o informante[1] y dos cargos por

---

[1]Específicamente, la Sec. 1512(b)(1) dispone lo siguiente:

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(1) influence, delay, or prevent the testimony of any person in an official proceeding. 18 USC § 1512(b)(1).

(2)

obstrucción a la debida administración de la justicia.[2]

Particularmente, fue sentenciado a 18 meses de prisión por

---

[2]La Sec. 1503 establece lo siguiente:

(a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b). If the offense under this section occurs in connection with a trial of a criminal case, and the act in violation of this section involves the threat of physical force or physical force, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(b) The punishment for an offense under this section is—

(1) in the case of a killing, the punishment provided in sections 1111 and 1112;

(2) in the case of an attempted killing, or a case in which the offense was committed against a petit juror and in which a class A or B felony was charged, imprisonment for not more than 20 years, a fine under this title, or both; and

cada uno de los tres cargos por los que fue encontrado culpable, a ser cumplidos de forma concurrente. *Véase* "Judgment in a Criminal Case", <u>United States of America v. Federico Ducoudray-Acevedo</u>, CR. 15-0166-01 (ADC).

Una vez advinimos en conocimiento de la convicción del licenciado Ducoudray Acevedo en el foro federal, el 31 de octubre de 2016, emitimos una Resolución mediante la cual le concedimos un término perentorio de diez (10) días para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por motivo de las sentencias penales dictadas en su contra. Asimismo, ordenamos la incautación preventiva de su obra y sello notarial y referimos el asunto a la Oficina de Inspección de Notarías (ODIN) para el informe correspondiente.[3] A pesar de ello,

_____

(3) in any other case, imprisonment for not more than 10 years, a fine under this title, or both. 18 USC § 1503.

[3]Según se desprende del expediente, la Resolución se le notificó personalmente al licenciado Ducoudray Acevedo el 17 de noviembre de 2016. En esa misma fecha, se le incautaron varios instrumentos públicos y su sello notarial por conducto de la Oficina del Alguacil de este Tribunal. Con relación a la incautación de la obra notarial, cabe señalar que el 15 de diciembre de 2016 el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante este Tribunal un *Informe sobre Estado de Obra Incautada*. Particularmente, informó que de la inspección efectuada surgen varias deficiencias, entre las que se destacan: (1) omisión de cancelar los sellos a favor de la Sociedad para Asistencia Legal en 427 asientos del Libro de Registro de Testimonios para una deuda de $1,268; (2) falta de la firma del notario en 684 asientos; (3) falta del sello notarial en 426 asientos; (4) omisión de la descripción del asunto autenticado en 30 asientos; (5) omisión de dar fe de conocimiento o indicar medio de identificación del firmante en 463 asientos; (6) falta de encuadernación, índice, numeración de páginas, notas de apertura y cierre en todos los protocolos que comprenden

el licenciado Ducoudray Acevedo incumplió con nuestra orden y no compareció.

## II

### A.

Sabido es que este Tribunal tiene la facultad inherente de regular el ejercicio de la abogacía en nuestra jurisdicción. Rivera Schatz v. ELA y C. Abo. PR II, 191 DPR 791, 802-803 (2014). Véanse, además: In re Doitteau Cruz, 190 DPR 979, 981 (2014); In re Colón Ledée, 190 DPR 51, 54 (2014); In re García Suárez, 189 DPR 995, 998 (2013). En virtud de ese poder, tenemos la autoridad para desaforar o suspender a los miembros de la profesión jurídica que no estén aptos para ejercer tan delicado ministerio.[4] In re Colón Ledée, supra, pág. 54; In re García Suárez, supra, pág. 998; In re Morell Corrada, 171 DPR 327, 330 (2007); In re González Díaz, 163 DPR 648, 650 (2005). La facultad inherente de reglamentar el ejercicio de la abogacía es propia de este Tribunal y no está restringida a estatuto

_____

la obra notarial, y (7) omisión de cancelar los sellos de rentas internas, impuesto notarial y sellos a favor de la Sociedad para Asistencia Legal en instrumentos públicos autorizados, para una deuda arancelaria que asciende a la cantidad de $3,812. En consecuencia, el Director de la ODIN solicita que se le ordene al notario subsanar las deficiencias en un término de cuarenta y cinco (45) días calendario y que, en ese mismo término, entregue a la ODIN los instrumentos públicos adeudados o que encamine el proceso de reconstrucción de éstos.

[4]Nótese que, en lo pertinente, de la Sec. 9 de la Ley de 11 de marzo de 1909 se desprende que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave —en conexión con el ejercicio de su profesión— o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. Véase 4 LPRA sec. 735.

alguno, siempre que se le conceda la oportunidad al letrado de ser escuchado en su defensa. *In re González Blanes*, 65 DPR 381, 391 (1945).

Por tal razón, en repetidas ocasiones hemos expresado que los motivos para ejercer nuestra facultad disciplinaria no se limitan a los que son específicamente dispuestos en alguna ley. *In re* Colón Ledée, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, pág. 650. Por el contrario, abarcan toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro. *In re* Colón Ledée, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, págs. 650-651; *In re Morell Corrada*, *supra*, pág. 330. En consecuencia, este Tribunal ha afirmado que toda conducta delictiva de un abogado que refleje su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo.[5] *In re* Colón Ledée, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, pág. 651.

**B.**

---

[5]En múltiples ocasiones, este Tribunal ha suspendido inmediatamente de la profesión jurídica a abogados que resulten convictos por actos que implican depravación moral. *In re Colón Ledée*, 190 DPR 51, 54-55 (2014); *In re García Suárez*, 189 DPR 995, 998-990 (2013); *In re Morell Corrada*, 171 DPR 327, 330-331 (2007).

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Particularmente, el Canon 9 del Código de Ética Profesional dispone que los abogados y abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. Como corolario de ese deber, las personas que ejercen la profesión de la abogacía tienen que cumplir pronta y diligentemente las órdenes de todos los tribunales, al igual que con todas las entidades públicas que intervienen en los procesos disciplinarios contra un letrado. *In re* Maldonado Nieves, 192 DPR 973, 981 (2015); *In re* Nieves Nieves, 181 DPR 25, 34 (2011). Por tanto, "[a]sumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho Canon". *In re* Dávila Toro, 193 DPR 159, 163 (2015).

Consecuentemente, nos hemos visto obligados a disciplinar a los abogados y las abogadas que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Rivera Trani, 188 DPR 454, 460 (2013); *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la

profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestra función reguladora de la profesión jurídica. *In re* Colón Collazo, res. el 15 de agosto de 2016, 2016 TSPR 184, 196 DPR ___ (2016), pág. 5; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re* Montalvo Delgado, res. el 6 de octubre de 2016, 2016 TSPR 223, 196 DPR ___ (2016), pág. 9; *In re* Colón Collazo, *supra*, pág. 5; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

Examinada la normativa jurídica aplicable, procedemos a disponer del asunto ante nos.

### III

No cabe duda que la gravedad de los delitos por los cuales el licenciado Ducoudray Acevedo resultó convicto reflejan la falta de respeto, honradez, sinceridad y principios en su estado ético. A ello se añade que el abogado no informó a este Tribunal de su convicción, sino que advinimos en conocimiento de las sentencias emitidas en su contra por la prensa del País. Incurrió en tal omisión en claro menosprecio a nuestra facultad de regular la profesión jurídica.

Además, destacamos que este Tribunal le concedió la oportunidad al letrado para que compareciera ante nos y se expresara en torno a ello. No obstante, en clara

inobservancia a nuestra orden, éste no compareció. Así, el licenciado Ducoudray Acevedo ha incumplido y asumido una actitud despreocupada en cuanto a este asunto, tomando livianamente nuestros requerimientos. La falta de diligencia de este abogado en atender nuestra orden muestra su dejadez y desidia, lo que nos lleva a concluir que ha relegado su deber de respeto hacia este Tribunal.

Ante ese cuadro, resolvemos que el licenciado Ducoudray Acevedo no se encuentra apto para ejercer la abogacía en nuestra jurisdicción. Por consiguiente, procede que ejerzamos nuestro poder inherente de regular la profesión y suspendamos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Ducoudray Acevedo.

**IV**

En virtud de lo antes expuesto, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Federico Ducoudray Acevedo.

En consecuencia, se le impone al señor Ducoudray Acevedo el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior, dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Advertimos al señor Ducoudray Acevedo que el presente dictamen no le exime de atender las deficiencias señaladas por la ODIN a su obra notarial. Por tanto, se le ordena que en un término de sesenta (60) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, subsane las deficiencias señaladas por la ODIN a sus expensas y, además, entregue aquellos instrumentos públicos adeudados o realice el correspondiente trámite para su reconstrucción, so pena de desacato.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Federico Ducoudray Acevedo por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Federico Ducoudray Acevedo | TS-11,576

SENTENCIA

San Juan, Puerto Rico, a 20 de enero de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Federico Ducoudray Acevedo.

En consecuencia, se le impone al señor Ducoudray Acevedo el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le advierte al señor Ducoudray Acevedo que el presente dictamen no le exime de atender las deficiencias señaladas por la ODIN a su obra notarial. Por tanto, se le ordena que en un término de sesenta (60) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, subsane las deficiencias señaladas por la ODIN a sus expensas y, además, entregue aquellos instrumentos públicos adeudados o realice el correspondiente trámite para su reconstrucción, so pena de desacato.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Federico Ducoudray Acevedo por la Oficina del Alguacil de este Tribunal.

TS-11,576                                              2


        Lo pronunció, manda el Tribunal y certifica el
Secretario del Tribunal Supremo.



                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo