EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br><br> Jessica M. Campos Bristol <br> (TS-13,805) | 2017 TSPR 78 <br><br> 198 DPR ____ |

Número del Caso: AB-2016-93

Fecha: 12 de mayo de 2017

Abogado del Promovido

        Por derecho Propio

Materia: Conducta Profesional – La suspensión será efectiva el 17 de mayo de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Jessica M. Campos Bristol        AB-2016-93        Conducta
    (TS-13,805)                                                                Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de mayo de 2017.

En vista de los antecedentes fácticos que se expondrán a continuación, nos vemos precisados a suspender inmediata e indefinidamente a un miembro de la profesión legal por no mantener actualizada su información personal en la base de datos del Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y por desatender las órdenes emitidas por este Tribunal, a pesar de los apercibimientos de sanciones disciplinarias severas.

I

La Lcda. Jessica M. Campos Bristol (licenciada Campos Bristol) fue admitida al ejercicio de la abogacía el 30 de enero de 2002 y a la práctica de la notaría el 27 de febrero del mismo año. Como

resultado de una solicitud de cesación voluntaria al ejercicio del notariado, y tras los trámites de rigor, el 25 de marzo de 2014 dimos por terminada su fianza notarial.

El 18 de marzo de 2016 el Sr. Dionisio Benítez Rodríguez (señor Benítez Rodríguez) presentó una Queja en contra de la licenciada Campos Bristol y otra letrada. Conforme al procedimiento establecido en la Regla 14 (c) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B (Supl. 2016), el 30 de marzo de 2016 le concedimos a la letrada un término de diez (10) días para contestar la Queja.[1] Puesto que el Servicio Postal de Estados Unidos (USPS, por sus siglas en inglés) devolvió dicha comunicación, el 22 de abril de 2016 se le remitió nuevamente.

Ante la incomparecencia de la letrada, el 25 de mayo de 2016 se le envió una **segunda notificación** a la dirección física que constaba en el RUA.[2] En esta ocasión, se le concedió un **término final** de diez (10) días para responder a la Queja. En dicha misiva se le apercibió que, de no contestar en el término provisto, se estaría refiriendo el

---

[1]   Dicha misiva fue enviada a la dirección postal de notificaciones que la Lcda. Jessica M. Campos Bristol (licenciada Campos Bristol) tiene consignada en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

[2]   La dirección a la cual se le remitió la segunda notificación correspondía al estado de Texas. Según se deprende del RUA, la licenciada Campos Bristol actualizó su información de contacto para incluir dicha dirección el 8 de mayo de 2014.

Además, la otra letrada co-promovida nos indicó que la licenciada Campos Bristol había cerrado las operaciones de su oficina legal en el año 2012 y que tenía la impresión de que se encontraba residiendo en el estado de Texas. Véase la *Contestación a la Queja y Solicitud de Desestimación* presentada por la letrada co-promovida el 16 de mayo de 2016.

asunto al Pleno del Tribunal Supremo para la acción correspondiente.

Transcurrido tiempo en exceso al otorgado sin recibir reacción alguna de parte de la licenciada Campos Bristol, el 31 de octubre de 2016 emitimos una Resolución mediante la cual se le concedió a la togada un **término final e improrrogable** de cinco (5) días para someter su contestación a la Queja. Se le apercibió que su incumplimiento con lo anterior podría conllevar sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la profesión legal. En consideración a que, como mencionamos anteriormente, la correspondencia remitida previamente fue devuelta por el USPS, se ordenó que la Resolución fuese notificada por correo certificado con acuse de recibo a la dirección física residencial que aparecía en el RUA. No obstante, dicha comunicación también fue devuelta.

Conforme a lo anterior, y como gestión adicional, la Subsecretaria de este Tribunal intentó comunicarse con la licenciada Campos Bristol a los números de teléfono provistos en el RUA, pero todos se encontraban fuera de servicio.

II

Al iniciar la profesión legal los abogados se comprometen a desempeñar con lealtad y fidelidad los deberes y responsabilidades que le impone la ley y el Código de Ética Profesional. 4 LPRA Ap. IX (2012 y Supl. 2016). Dentro de dichos deberes se encuentra aquel

consignado en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), el cual prescribe que los togados deben exhibir una conducta de respeto hacia los tribunales. Ello conlleva cumplir con prontitud y diligencia las órdenes emitidas por los foros judiciales, más aún cuando las mismas se originan dentro de un procedimiento disciplinario.[3] *In re* Marín Serrano, 2017 TSPR 34, 197 DPR ____ (2017); *In re* Montalvo Delgado, 2016 TSPR 223, 196 DPR ____ (2016); *In re* Prado Galarza, 195 DPR 894 (2016). Una actitud de indiferencia hacia los requerimientos de un tribunal contraviene los postulados consagrados en dicho canon y puede sujetar a los abogados a sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión. *In re* Abadía Muñoz *et al.*, 2017 TSPR 1, 197 DPR ___ (2017); *In re* Montalvo Delgado, *supra*; *In re* Torres Román, 195 DPR 882 (2016). Esto es así, pues se considera que ignorar los pronunciamientos de un foro judicial constituye un desafío y un menosprecio a su autoridad. *In re* Marín Serrano, *supra*; *In re* Montañez Melecio, 2017 TSPR 15, 197 DPR ____ (2017).

Por otro lado, el RUA contiene el nombre y apellido de todos los abogados autorizados a postular ante los tribunales de Puerto Rico, así como la información de

---

[3]     Cabe señalar que las obligaciones impuestas por el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), se extienden, además, a los requerimientos de la Oficina de la Procuradora General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua, como entidades con funciones que inciden en la fiscalización de la profesión legal. *In re* Montañez Melecio, 2017 TSPR 15, 197 DPR ___ (2017).

contacto de éstos (números de teléfono y direcciones).[4]  En aras de que exista una comunicación efectiva con los letrados y que éstos puedan responder con prontitud a las comunicaciones que reciban, la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B (2012), le impone la obligación de "mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único".  Cumplir con dicha exigencia propende, entre otras cosas, a que podamos ejercer eficazmente nuestra función reguladora del ejercicio de la abogacía en Puerto Rico.  *In re* Colón Collazo, 2016 TSPR 184, 196 DPR ___ (2016); *In re* Colón Cordovés, 195 DPR 543 (2016).  Reiteradamente hemos advertido que el abogado que incumple con dicho mandato, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, por lo que se expone a una suspensión inmediata e indefinida de la profesión legal.  *In re* Colón Collazo, *supra*; *In re* Baretty Torres, 195 DPR 600 (2016); *In re* Colón Cordovés, *supra*.

III

De los hechos relatados se desprende que no ha sido posible obtener una reacción de parte de la licenciada Campos Bristol a la queja presentada por el señor Benítez Rodríguez.  Ello pues todas las comunicaciones remitidas por la Secretaría de este Tribunal, así como las Resoluciones emitidas por este Foro, fueron devueltas por el USPS.  De igual modo, los intentos de comunicarnos con

---

[4]    Véase la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B (2012).

la licenciada Campos Bristol a los números telefónicos consignados en el RUA han resultado infructuosos. Como consecuencia, la licenciada Campos Bristol no ha acatado las órdenes emitidas por esta Curia, a pesar de los apercibimientos de sanciones disciplinarias.

Sin lugar a dudas, su conducta se ha distanciado de los estándares exigidos a los letrados en Puerto Rico, tanto al no actualizar su información de contacto en el RUA, como al desatender los requerimientos de este Foro.

IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Jessica M. Campos Bristol, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Campos Bristol mediante correo electrónico y posteriormente vía correo certificado con acuse de recibo a su última dirección conocida.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*:


Jessica M. Campos Bristol          AB-2016-93          Conducta
    (TS-13,805)                                        Profesional


SENTENCIA

En San Juan, Puerto Rico a 12 de mayo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Jessica M. Campos Bristol del ejercicio de la abogacía.

La señora Campos Bristol deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Campos Bristol mediante correo electrónico y posteriormente vía correo certificado con acuse de recibo a su última dirección conocida.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                    Juan Ernesto Dávila Rivera
                  Secretario del Tribunal Supremo