EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  José A. Velázquez Pérez | 2017 TSPR 87  198 DPR ____ |
|---|---|

Número del Caso: AB-2016-269
              (TS-9458)


Fecha: 24 de mayo de 2017


 Abogado de la parte promovida:

        Lcdo. Eliezer Rivera Lugo



Materia: Conducta Profesional – La Suspensión será efectiva el 8 de junio de 2017, fecha en que se le notificó por correo al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Velázquez Pérez
    (TS-9,458)

                    AB-2016-0269

PER CURIAM

En San Juan, Puerto Rico, a 24 de mayo de 2017.

Una vez más, nos vemos obligados a suspender a un letrado del ejercicio de la abogacía por incumplir con nuestras órdenes.

I

El Lcdo. José A. Velázquez Pérez fue admitido al ejercicio de la abogacía el 3 de enero de 1990. Surge del expediente que el 22 de marzo de 2017 emitimos una Resolución en donde dimos por terminada la fianza notarial otorgada al abogado por MAPFRE PRAICO. Así las cosas, el 6 de septiembre de 2016 la Sra. Doris N. Machado Martínez, en nombre de varios

miembros de su familia, presentó ante este Tribunal una queja contra el licenciado Velázquez Pérez. En la misma alegaba que el letrado había incumplido con sus deberes profesionales y éticos. Asimismo, le exigió la devolución de su expediente, los sellos y comprobantes valorados en $1,531, y el dinero que le fue entregado para hacer las escrituras encomendadas.

Es por esto que, el 15 de septiembre de 2016, la Subsecretaria del Tribunal Supremo le notificó al licenciado Velázquez Pérez sobre la queja presentada ante este Tribunal y le dio un término de diez días para que presentara su contestación, esto según lo dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Sin embargo, el letrado no compareció, por lo que el 5 de octubre de 2016, nuevamente, la Subsecretaria del Tribunal Supremo le concedió un término final de diez días para contestar la queja. Sin embargo, el letrado no contestó y, como consecuencia, el 9 de noviembre de 2016 emitimos una Resolución donde le concedimos un término final e improrrogable de cinco días para que compareciera ante nosotros y contestara la queja presentada en su contra. Asimismo, le apercibimos que el incumplimiento con esta Resolución podría conllevar sanciones disciplinarias severas, incluyendo su suspensión de la profesión legal.

Así las cosas, el 5 de diciembre de 2016 el licenciado Velázquez Pérez compareció e indicó que había

contratado como su representante legal al Lcdo. Eliezer Rivera Lugo, quien subscribió la moción. Además, nos indicó que no había comparecido debido a que mientras se encontraba de viaje tuvo un accidente y permaneció fuera de Puerto Rico hasta culminar terapia física. También, nos comunicó que la Oficina de Inspección de Notarías tenía conocimiento de la situación, debido a que nombró un notario substituto. Asimismo, nos indicó que los quejosos tenían conocimiento del accidente y que había continuado realizando gestiones con la representación legal de estos para resolver la situación, a pesar de las quejas que habían sido presentadas en su contra. Finalmente, el letrado nos solicitó un término adicional de treinta días para contestar la queja, esto para que su representación legal se pudiera preparar adecuadamente. Es por esto que el 23 de diciembre de 2016 emitimos una Resolución en donde le concedimos al licenciado Velázquez Pérez un término final e improrrogable de quince días. Sin embargo, nunca compareció.

II

El Código de Ética Profesional establece cuáles son las normas mínimas de conducta que deben exhibir los letrados en el desempeño de sus funciones. In re Rivera Sepúlveda, 192 DPR 985, 988 (2015). Específicamente, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En

reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal y sus dependencias, particularmente en procesos disciplinarios. In re Toro Soto, 181 DPR 654, 660 (2011). Véase también, In re Rivera Trani, 188 DPR 454, 460-461 (2013). En otras palabras, asumir una actitud de **menosprecio** e **indiferencia** ante nuestras órdenes, y los requerimientos de nuestros funcionarios y organismos denotan una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9, supra. Véase, In re Colón Collazo, 2016 TSPR 184, pág. 2, 196 DPR ___ (2016). Cónsono con lo que hemos resuelto, reiteramos que "la dejadez es incompatible con el ejercicio de la abogacía". In re Rivera Trani, supra, pág. 461. Véase además, In re González Barreto, 169 DPR 772, 774 (2006). Por consiguiente, incumplir con lo dispuesto en el Canon 9, supra, es razón suficiente para separar a un abogado de la profesión. In re Toro Soto, supra, pág. 660. Véase además, In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

III

El licenciado Velázquez Pérez nunca compareció ante este Tribunal para contestar la queja promovida por la señora Machado Martínez, pese a las múltiples oportunidades que le dimos. En vista de lo anterior, se dictará Sentencia en la cual suspendemos inmediata e

indefinidamente del ejercicio de la abogacía al Lcdo. José A. Velázquez Pérez.

A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


José A. Velázquez Pérez
      (TS-9,458)                          AB-2016-0269


SENTENCIA


En San Juan, Puerto Rico, a 24 de mayo de 2017.


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, se dicta Sentencia en la cual suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. José A. Velázquez Pérez.

        A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

        Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó y ordena el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo