EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2017 TSPR 103 |
| Raúl E. Rondón Medina | 198 DPR _____ |

Número del Caso: TS-4192

Fecha: 6 de junio de 2017

Abogado del promovido:

Por derecho propio

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director

Materia: La suspensión será efectiva el 14 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Raúl E. Rondón Medina

TS-4192

PER CURIAM

En San Juan, Puerto Rico, a 6 de junio de 2017.

Una vez más nos vemos obligados a suspender a un letrado del ejercicio de la abogacía por: incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y no acatar las órdenes y requerimientos de este Tribunal.

I

El Lcdo. Raúl E. Rondón Medina fue admitido al ejercicio de la abogacía el 20 de febrero de 1973. Surge del expediente que el 25 de octubre de 2016 emitimos una Resolución en donde dimos por terminada la fianza notarial otorgada al abogado

por el Colegio de Abogados de Puerto Rico. La cancelación se debió a la renuncia presentada por el abogado al ejercicio de la notaría el 25 de marzo de 2015. Por otra parte, el 28 de junio de 2016, el Director Ejecutivo del PEJC presentó un Informe sobre incumplimiento con requisito de educación jurídica continua, donde detalló que el licenciado Rondón Medina incumplió con los requisitos de educación jurídica continua para el periodo del 1 de octubre de 2007 al 30 de septiembre de 2009. Además, nos informó que el letrado incumplió con los periodos del 1 de octubre de 2009 al 30 de septiembre de 2011 y del 1 de octubre de 2011 al 30 de septiembre de 2013, sin embargo, del expediente no surge que se notificaron o llevaron a cabo vistas informales para estos periodos.

Surge del informe, que el 18 de noviembre de 2009, el Director Ejecutivo del PEJC le envió al letrado un Aviso de incumplimiento, en donde le otorgó a este sesenta días adicionales para completar los requisitos de educación jurídica continua del periodo del 1 de octubre de 2007 al 30 de septiembre de 2009. Además, le requirió pagar la cuota por cumplimiento tardío que establece la Regla 30 (c) del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E. Transcurrido el término conferido, el licenciado Rondón Medina no completó los requisitos ni pagó la cuota por cumplimiento tardío. Entonces, el PEJC lo citó a una vista informal a

celebrarse el 27 de enero de 2012, a la cual el letrado no compareció. A raíz de su incomparecencia, la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, emitió una determinación en la cual concedió al licenciado Rondón Medina treinta días para subsanar la deficiencia y pagar la cuota por cumplimiento tardío. Asimismo, le advirtió que el incumplimiento con lo anterior conllevaría que su caso fuese llevado ante la consideración de la Junta de Educación Jurídica Continua, para que esta determinara si referiría su caso a este Tribunal. Finalmente, le apercibió que, si el caso era referido a nosotros, se nos informaría sobre su incumplimiento con los requisitos del PEJC durante periodos posteriores.

Una vez recibimos el expediente del caso emitimos una Resolución en la que le concedimos un término de veinte días al licenciado Rondón Medina, para que compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Por su parte, el 15 de septiembre de 2016, el letrado compareció ante este foro. Aceptó que incumplió con los requisitos del PEJC. Además, nos notificó que padecía de una serie de condiciones de salud que le impedían asistir por periodos prolongados a los cursos de educación jurídica continua. Por otro lado, hizo la salvedad de que al momento de comparecer ante este foro postulaba en los tribunales. Además, informó que

estaba en la mejor disposición de cumplir con los requisitos del PEJC. Atendida esta moción, el 31 de enero de 2017, le concedimos un término de 20 días para que presentar una solicitud de cambio de estatus a abogado inactivo en el Registro Único de Abogados. Asimismo, le apercibimos que el incumplimiento con la Resolución podría conllevar la suspensión del ejercicio de la abogacía por incumplimiento con el PEJC. Sin embargo, el licenciado Rondón Medina nunca compareció.

II

De acuerdo con lo establecido en el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX

> [a] fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional…

Cónsono con las disposiciones de este Canon, adoptamos el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado, y el Reglamento del Programa de Educación Jurídica Continua, supra.[1] De acuerdo con la Regla 6 del Reglamento de Educación Jurídica Continua, supra, todos los abogados activos en la profesión, salvo ciertas excepciones, deben tomar

---

[1] Las enmiendas realizadas en el 2015 al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua no aplican en estos casos.

veinticuatro horas créditos en educación continua cada dos años.

En caso de que el abogado incumpla con los requisitos de educación jurídica continua, la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, supra, dispone para que dentro de los treinta días siguientes a la terminación del periodo de cumplimiento se le envíe al abogado un Aviso de incumplimiento. Dispone, además, que todo abogado que cumpla tardíamente con los requisitos de educación jurídica continua tiene que explicar las razones para cumplir tardíamente y pagar una cuota de $50. Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra. El abogado puede presentar el informe de cumplimiento, las razones para el cumplimiento tardío y la cuota, hasta treinta días después de haber recibido el Aviso de incumplimiento. Íd. De no cumplir con lo anterior el abogado será citado a una vista informal, donde tendrá la oportunidad de presentar prueba sobre las razones por las que incumplió con los requisitos de educación continua. Reglas 31 y 32 del Reglamento del Programa de Educación Jurídica Continua, supra. El abogado que no cumpla con lo anterior, se expone a enfrentar sanciones de este Tribunal, que pueden incluir la separación indefinida de la profesión. In re González Borgos, 192 DPR 926, 932 (2015).

Por otro lado, el Código de Ética Profesional establece cuáles son las normas básicas de conducta que

deben exhibir los letrados en el desempeño de sus funciones. <u>In re Rivera Sepúlveda</u>, 192 DPR 985, 988 (2015). Específicamente, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal y sus dependencias, particularmente en procesos disciplinarios. <u>In re Toro Soto</u>, 181 DPR 654, 660 (2011). Véase también, <u>In re Rivera Trani</u>, 188 DPR 454, 460-461 (2013). En otras palabras, asumir una actitud de **menosprecio** e **indiferencia** ante nuestras órdenes, y los requerimientos de nuestros funcionarios y organismos, denotan una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9, <u>supra</u>. Véase, <u>In re Colón Collazo</u>, 2016 TSPR 184, pág. 2, 196 DPR ___ (2016). Cónsono con lo que hemos resuelto, reiteramos que "la dejadez es incompatible con el ejercicio de la abogacía". <u>In re Rivera Trani</u>, <u>supra</u>, pág. 461. Véase además, <u>In re González Barreto</u>, 169 DPR 772, 774 (2006). Por consiguiente, incumplir con el Canon 9, <u>supra</u>, es razón suficiente para separar a un abogado de la profesión. <u>In re Toro Soto</u>, <u>supra</u>, pág. 660. Véase además, <u>In re Irizarry Irizarry</u>, 190 DPR 368, 375 (2014).

III

El licenciado Rondón Medina nunca solicitó el cambio de estatus a abogado inactivo, aunque le dimos la oportunidad de hacerlo. En vista de lo anterior, nos vemos en la obligación de suspenderlo inmediata e indefinidamente del ejercicio de la abogacía, debido a su falta de atención a las órdenes del Tribunal, en relación al Canon 9, supra.

A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Raúl E. Rondón Medina                    TS-4192

SENTENCIA

En San Juan, Puerto Rico, a 6 de junio de 2017.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía, al licenciado Rondón Medina debido a su falta de atención a las órdenes del Tribunal, en relación al Canon 9, supra.

A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo