EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 151 |
| William Rivera Herrans | 195 DPR ____ |

Número del Caso: AB-2014-56


Fecha: 3 de junio de 2016


Abogado del Promovido:

      Por derecho propio

Oficina de la Procuradora General:

      Lcda. Karla Z. Pacheco Álvarez
      Subprocuradora General

      Lcda. Yaizamarie Lugo Fontanez
      Procuradora General Auxiliar



Materia: La suspensión será efectiva el 8 de julio de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

William Rivera Herrans                    AB-2014-56

PER CURIAM

San Juan, Puerto Rico, a 3 de junio de 2016.

I

El Lcdo. William Rivera Herrans (licenciado Rivera Herrans) fue admitido al ejercicio de la abogacía el 9 de septiembre de 1994.

El asunto de autos consiste en que el licenciado Rivera Herrans fue encontrado culpable por el delito de agresión grave de tercer grado en el Caso Criminal Núm. KIC2009G0023. Así las cosas, la Oficina de la Procuradora General nos refirió el asunto para el trámite de rigor. Como corolario, emitimos una Resolución el 8 de abril de 2014 en la que ordenamos al licenciado Rivera Herrans expresarse sobre el asunto de referencia.

El licenciado Rivera Herrans compareció dentro del término ordenado. A estos efectos, se limitó a señalar que había presentado recursos ante los foros federales y que las alegaciones eran falsas. Empero, éste no negó la sentencia de culpabilidad recaída en su contra.

## II

No existe duda de que la facultad de regular el ejercicio de la abogacía en nuestra jurisdicción es una inherente de este Tribunal. Rivera Schatz v. ELA y C. Abo. PR II, 191 DPR 791, 802-803 (2014); *véanse*, además: *In re Doitteau Cruz*, 190 DPR 979, 981 (2014); *In re* Colón Ledée, 190 DPR 51, 54 (2014); *In re* García Suárez, 189 DPR 995, 998 (2013). Tal poder nos permite imponer las sanciones disciplinarias necesarias a los miembros de la profesión. Entre éstas, podemos desaforar o suspender a los abogados y abogadas que no estén aptos para ejercer tan delicado ministerio.[1] *In re* Colón Ledée, *supra*, pág. 54; *In re* García Suárez, *supra*, pág. 998; *In re* Morell Corrada, 171 DPR 327, 330 (2007); *In re* González Díaz, 163 DPR 648, 650 (2005). Esa facultad inherente conlleva el ejercicio inseparable de reglamentar la profesión de la abogacía sin restricción alguna, siempre que se le brinde al letrado o

---

[1] Nótese que, en lo pertinente, de la Sec. 9 de la Ley de 11 de marzo de 1909 se desprende que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave —en conexión con el ejercicio de su profesión— o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. *Véase* 4 LPRA sec. 735.

letrada el debido proceso de ley al permitir presentar sus defensas. *In re González Blanes*, 65 DPR 381, 391 (1945).

En consecuencia, en múltiples ocasiones hemos expresado que las razones para ejercer nuestra facultad disciplinaria no se confinan o restringen por cualquier estatuto. *In re Colón Ledée*, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, pág. 650. Al contrario, comprenden toda conducta manifestada por el abogado que perturbe su condición moral y, de esa forma, lo haga indigno de ser miembro y de representar a este foro. *In re Colón Ledée*, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, págs. 650-651; *In re Morell Corrada*, *supra*, pág. 330. Por ello, este Tribunal ha asentado que toda conducta delictiva de un letrado que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo. *In re Colón Ledée*, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, pág. 651. En esas circunstancias, hemos expresado que constituye depravación moral el realizar algo contrario a la justicia, la honradez, los buenos principios o la moral.[2] *In re Colón*

---

[2]Incluso, hemos señalado que la depravación moral consiste en un estado del individuo, compuesto por una deficiencia en su sentido de la moral y la rectitud, en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana. *In re Colón Ledée*, 190 DPR 51, 55 (2014); *In re García Suárez*, 189 DPR 995, 999 (2013); *In re Morell Corrada*, 171 DPR 327, 330 (2007); *In re González Díaz*, 163 DPR 648, 651 (2005).

Ledée, *supra*, pág. 55; *In re* García Suárez, *supra*, pág. 999; *In re* González Díaz, *supra*, pág. 651.

Conforme a la norma jurídica enunciada, procedemos a atender el asunto ante nuestra consideración.

### III

Según expresado, el licenciado Rivera Herrans resultó convicto de un delito de agresión grave de tercer grado. La acción incurrida por el letrado violentó gravemente la integridad corporal de otra persona, lo que muestra una falta de respeto a los principios éticos que deben regir la conducta esperada de los miembros de la profesión legal. Asimismo, surge de la contestación del letrado que aún no acepta sus actuaciones cuando señala que los hechos son falsos sin ninguna otra explicación y sin reconocer la finalidad de la sentencia criminal dictada en su contra. Ante esta realidad, concluimos que el licenciado Rivera Herrans no se encuentra apto para ejercer la práctica de la abogacía en nuestra jurisdicción. Por ello, procede que ejerzamos nuestro poder inherente de regular la profesión y lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

### IV

A tenor con lo expuesto, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. William Rivera Herrans.

Por consiguiente, se le impone al señor Rivera Herrans el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles

cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. William Rivera Herrans por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

William Rivera Herrans                    AB-2014-56

SENTENCIA

San Juan, Puerto Rico, a 3 de junio de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. William Rivera Herrans. Por consiguiente, se le impone al señor Rivera Herrans el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. William Rivera Herrans por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo