*In re* EDWIN GUTIÉRREZ TORRES, querellado.

*Número:* TS-6182      *Resuelto:* 30 de junio de 2016

*Ileana M. Oliver Falero*, subprocuradora general interina, y *Noemí Rivera de León*, procuradora general auxiliar; *Carlos R. Noriega*, abogado del querellado; *Edwin Gutiérrez Torres, pro se.*

PER CURIAM: En esta ocasión nos corresponde ordenar la suspensión indefinida de la práctica de la abogacía de un integrante de la profesión legal tras su convicción a nivel federal por un delito que conlleva depravación moral. Esto, al amparo de las disposiciones de la Ley de 11 de marzo de 1909, 4 LPRA secs. 727–739.

# I

El Lcdo. Edwin Gutiérrez Torres fue admitido al ejercicio de la abogacía el 11 de enero de 1978 y al ejercicio de la notaría el 2 de enero de 1979. El 11 de septiembre de 2008, la Oficina del Procurador General de Puerto Rico presentó la querella que nos ocupa. En ésta, relató que el 27 de junio de 2007, el licenciado Gutiérrez Torres se declaró culpable en el foro federal por violación al Código Penal de Estados Unidos, 18 USCA sec. 1956(h) (conspiración para lavado de dinero). Luego de declararse culpable, el licenciado Gutiérrez Torres fue sentenciado a cumplir tres años en probatoria por el delito de lavado de dinero, ocho meses en arresto domiciliario con grillete electrónico y el pago de una multa de $100. Se acompañó la querella presentada con copia de la sentencia dictada.

En atención a esta convicción en la esfera federal, se solicitó que, al amparo de la Sección 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735, decretáramos la separación indefinida del licenciado Gutiérrez Torres del ejercicio de la abogacía en nuestra jurisdicción. Presentada la querella, el licenciado Gutiérrez Torres compareció ante este Tribunal y contestó. En esencia, arguyó que la sentencia que se le impuso en el foro federal revela que el delito que cometió no constituye un delito grave. Además, solicita que, al igual que el foro federal, atenuemos la sanción disciplinaria que se le imponga en consideración a sus circunstancias personales particulares.

# II

La Sección 9 de la Ley de 11 de marzo de 1909, dispone que

[e]l abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que

fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de la profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. 4 LPRA sec. 735.

Esta disposición legal, por lo tanto, provee un procedimiento sumario de separación de la abogacía en aquellos casos en los que recaiga un dictamen condenatorio en contra de un abogado. Véase S. Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado*, San Juan, Pubs. JTS, 2010, pág. 356. De esta manera, se prescinde del procedimiento ordinario que establece la Regla 14 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B.

██    Por otra parte, al momento de determinar lo que constituye una conducta que refleje depravación moral, según el precitado estatuto, hemos establecido que depravación moral supone "que se haya actuado contrario a la ética, la honradez, los más altos principios o la justicia". *In re Peluzzo Perotín*, 195 DPR 323, 328 (2016). Véanse, además: *In re Colón Ledée*, 190 DPR 51 (2014); *In re Vázquez Torres I*, 182 DPR 431 (2011); *In re Calderón Nieves*, 157 DPR 299 (2002). En el pasado, hemos afirmado que todo delito que involucre fraude o engaño como elemento esencial implica depravación moral. Véase *In re Peluzzo Perotín*, supra; *In re Calderón Nieves*, supra.

## III

En el presente caso, el licenciado Gutiérrez Torres se declaró culpable del delito de conspiración de lavado de dinero, el cual implica, entre otras cosas, intentar efectuar cualquier transacción financiera con fondos provenientes

de una actividad ilegal. 18 USCA sec. 1956. Indudablemente, el delito por el que se declaró culpable y fue convicto por el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico contiene como requisito principal el elemento de fraude. Ello, de por sí, demuestra que el licenciado Gutiérrez Torres está incapacitado para ejercer la profesión legal en nuestra jurisdicción. En numerosas ocasiones hemos expresado que, "si se demuestra que la conducta del abogado no le hace digno de pertenecer a este foro, podemos ejercer nuestra facultad inherente de desaforo, aunque las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de [la] profesión". *In re León Sánchez*, 2003 TSPR 139, pág. 6, 159 DPR Ap. (2003).

En virtud de la sentencia condenatoria dictada por el foro federal, mediante la cual se declaró culpable al señor Gutiérrez Torres de un delito que implica depravación moral y falta de honradez, y en el ejercicio de nuestra facultad inherente de regular la práctica de la profesión legal, *se decreta la suspensión inmediata e indefinida del licenciado Gutiérrez Torres del ejercicio de la abogacía y la notaría en Puerto Rico. Se ordena, además, la remoción de su nombre en el Registro de Abogados autorizados a postular en nuestra jurisdicción.*

*El señor Gutiérrez Torres deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y deberá devolver a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal, dentro de un término de 30 días, contados a partir de la notificación de esta Opinión "per curiam", el cumplimiento con lo anterior. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautar la obra y el sello notarial del señor Gutiérrez Torres para el trámite correspondiente ante la Oficina de Inspección de Notarías.*

*Se dictará Sentencia de conformidad.*

El Juez Asociado Señor Estrella Martínez concurrió sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez se inhibió. La Jueza Asociada Señora Pabón Charneco no intervino.