EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Ramón M. Negrón Colón | 2016 TSPR 230 |
| | 196 DPR ____ |

Número del Caso: TS-10,218


Fecha: 14 de noviembre de 2016


Oficina de la Procuradora General:

      Lcda. Karla Z. Pacheco Álvarez
      Subprocuradora General

      Lcda. Mónica Cordero Vázquez
      Procuradora General Auxiliar




Materia: Conducta Profesional – La Suspensión será efectiva el 15 de noviembre de 2016, fecha en que se le notificó por correo certificado al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re: | | Conducta |
| Ramón M. Negrón Colón | TS-10,218 | Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de noviembre de 2016.

Nuevamente nos vemos precisados a suspender sumariamente a un abogado por su convicción en el foro federal, de conformidad con la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735 (2010).

**I**

El Lcdo. Ramón M. Negrón Colón (licenciado Negrón Colón) fue admitido a la práctica de la abogacía el 7 de julio de 1992.

La Secretaría del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico,

contra el licenciado Negrón Colón, en la que fue convicto por el delito federal de lavado de dinero. Recibida la referida copia de la *Sentencia*, el 17 de agosto de 2016 emitimos una Resolución en la que ordenamos a la Procuradora General que en un término de veinte días nos rindiera un informe con las recomendaciones que estimara pertinentes.

Asimismo, ante las serias imputaciones, le requerimos al letrado que, dentro del mismo término mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía a la luz de la *Sentencia* emitida por el foro federal en <u>United States of America v. Ramón M. Negrón Colón</u>, Case Number: 3:13-CR-00598-001 (PG). Hasta el presente éste no ha comparecido ante esta Curia.

De la referida sentencia surge que el licenciado Negrón Colón se declaró culpable en el Tribunal de Distrito federal de un cargo de conspiración para el delito de lavado de dinero ("*conspiracy to commit money laundering*"), en violación a la Sección 1956 del 18 USC. En consecuencia, ese foro lo sentenció a setenta y un mes de reclusión, tras lo cual debe cumplir tres años de libertad supervisada.

## II

En Puerto Rico, la facultad inherente de reglamentar el ejercicio de la profesión legal recae en este Tribunal.[1] Es por ello que tenemos la autoridad de disciplinar

---

[1] <u>In re Rivera Herrans</u>, 2016 TSPR 151, 194 DPR ___ (2016). Véase además, <u>In re Segarra Aponte</u>, 2016 TSPR 23, 194 DPR ___ (2016); <u>In re</u>

éticamente a cualquier miembro de la abogacía, sin que estemos circunscritos por lo dispuesto en estatuto alguno, siempre y cuando se le otorgue la oportunidad al letrado de ser escuchado en su defensa.[2] Tal poder nos permite imponer las sanciones disciplinarias necesarias a los miembros de la profesión. Entre éstas, podemos desaforar o suspender a los abogados y abogadas que no estén aptos para ejercer tan delicado ministerio.[3]

Esa facultad inherente conlleva el ejercicio inseparable de reglamentar la profesión de la abogacía sin restricción alguna, siempre que se le brinde al letrado o letrada el debido proceso de ley al permitir presentar sus defensas.[4] En consecuencia, hemos expresado que las razones para ejercer nuestra facultad disciplinaria no se confinan o restringen por cualquier estatuto.[5] Al contrario, comprenden toda conducta manifestada por el abogado que perturbe su condición moral y, de esa forma, lo haga indigno de ser miembro y de representar a este foro.[6]

De otra parte, la Sección 9 de la Ley de 11 de marzo de 1909 contempla un procedimiento de separación sumaria de la profesión legal, en aquellos casos en que recaiga un

---

Doitteau Cruz, 190 DPR 979, 981 (2014); In re Colón Ledée, 190 DPR 51, 54 (2014); In re García Suárez, 189 DPR 995, 998 (2013).
[2] In re Segarra Aponte, supra.
[3] In re Colón Ledée, supra, pág. 54; In re García Suárez, supra, pág. 998; In re Morell Corrada, 171 DPR 327, 330 (2007); In re González Díaz, 163 DPR 648, 650 (2005).
[4] In re González Blanes, 65 DPR 381, 391 (1945).
[5] In re Rivera Herrans, supra; In re Colón Ledée, supra, pág. 54; In re García Suárez, supra, pág. 998; In re González Díaz, supra, pág. 650.
[6] In re Colón Ledée, supra, pág. 54; In re García Suárez, supra, pág. 998; In re González Díaz, supra, págs. 650-651; In re Morell Corrada, supra, pág. 330.

dictamen de culpabilidad contra un abogado.[7] Específicamente, todo abogado convicto de cualquier delito relacionado directamente con la práctica legal o de cualquier delito que implique depravación moral, está sujeto a ser desaforado sumariamente. En específico, la Sección 9 de la Ley de 11 de marzo de 1909 dispone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada para dejar sin efecto o modificar la orden de suspensión.[8]

Ese mecanismo hace innecesario el proceso disciplinario ordinario que fija la Regla 14 del Reglamento de este Tribunal.[9] Es por ello, que ante tal circunstancia hemos afirmado que "cuando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de

---

[7] 4 LPRA sec. 735; S. Steidel Figueroa, _Ética y Responsabilidad Disciplinaria del Abogado_, San Juan, Publicaciones JTS, 2010, pág. 356.
[8] 4 LPRA sec. 735.
[9] 4 LPRA Ap. XXI-B.

un miembro de la profesión legal".[10] Cónsono con lo anterior, este Tribunal ha señalado que la comisión de un delito grave o menos grave, así como cualquier delito que conlleve depravación moral en conexión con la profesión, acarrea la separación de la abogacía.[11] Por lo que toda conducta delictiva de un letrado que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo.[12] En esas circunstancias, hemos expresado que constituye depravación moral el realizar algo contrario a la justicia, la honradez, los buenos principios o la moral.[13]

**III**

En el presente caso, el licenciado Negrón Colón se declaró culpable del delito de conspiración de lavado de dinero, el cual implica, entre otras cosas, intentar efectuar cualquier transacción financiera con fondos provenientes de una actividad ilegal.[14] El delito concernido contiene como requisito principal el elemento de fraude. En vista de ello, no cabe duda de que la conducta desplegada por el licenciado Negrón Colón, al realizar actos fraudulentos dirigidos a sobornar a funcionarios públicos en dinero generado de actividades ilegales y, en

---

[10] In re Peluzzo Perotín, 2016 TSPR 66, 194 DPR __ (2016); In re Vázquez Torres I, 182 DPR 431, 433-434 (2011).
[11] In re Gutiérrez Torres, 2016 TSPR 158, 194 DPR __ (2016).
[12] In re Rivera Herrans, *supra*; In re Colón Ledée, *supra*, pág. 54; In re García Suárez, *supra*, pág. 998; In re González Díaz, *supra*, pág. 651.
[13] In re Colón Ledée, *supra*, pág. 55; In re García Suárez, *supra*, pág. 999; In re González Díaz, *supra*, pág. 651.

particular, del narcotráfico, incurrió en conducta dolosa, inmoral y dañina.

Ante tales acciones el letrado violentó gravemente la integridad que rige nuestra profesión legal demostrando de esta manera una falta de respeto a los principios éticos que deben regir la conducta esperada de los miembros de la profesión legal. Por tal razón, procede que ejerzamos nuestro poder inherente de regular la profesión y lo suspendamos sumariamente del ejercicio de la abogacía.

**IV**

En virtud de lo anterior, a tenor con la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y con la facultad inherente de este Tribunal de regular la práctica de la profesión legal en Puerto Rico, decretamos la suspensión inmediata e indefinida del licenciado Negrón Colón del ejercicio de la abogacía. Ordenamos, además, la eliminación de su nombre del registro de abogados autorizados a postular en nuestra jurisdicción.

A pesar de que el Sr. Ramón M. Negrón Colón se encuentra confinado en una institución penal bajo la jurisdicción federal, éste o un representante autorizado por éste, deberá notificar oportunamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar de su suspensión a los

---

[14] Véase 18 USC sec. 1956.

distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días, a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Notifíquese esta Opinión *per curiam* y Sentencia al señor Negrón Colón a todas las direcciones y medios que obran en el Registro Único de Abogados.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón M. Negrón Colón                    TS-10,218

SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía al Lcdo. Ramón Negrón Colón. Ordenamos, además, la eliminación de su nombre del registro de abogados autorizados a postular en nuestra jurisdicción.

Le imponemos a éste o un representante autorizado el deber de notificar oportunamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Asimismo, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese al señor Negrón Colón a todas las direcciones y medios que obran en el Registro Único de Abogados.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo