EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Lemuel Velilla Reyes | 2018 TSPR 92 <br><br> 200 DPR ____ |

Número del Caso:  TS-5411

Fecha: 11 de mayo de 2018

Abogado del promovido, por derecho propio.

Materia:  La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Lemuel Velilla Reyes

TS-5411        Conducta
               Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de mayo de 2018.

En el ejercicio de nuestro poder inherente de reglamentar la profesión legal nuevamente nos vemos obligados a suspender permanente e indefinidamente a un profesional del Derecho,[1] por incurrir en conducta delictiva de la cual fue encontrado culpable y posteriormente sentenciado en el foro federal. Igualmente, le sancionamos por incumplir con lo provisto en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012). Veamos.

I

El Lcdo. Lemuel Velilla Reyes (licenciado Velilla Reyes) fue admitido al ejercicio de la

---

[1] De conformidad con la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735 (2010)

abogacía el 29 de diciembre de 1976 y a la práctica de la notaría el 17 de enero de 1977. El 12 de octubre de 2016 un jurado encontró culpable al licenciado Velilla Reyes de cinco (5) cargos criminales graves, en un procedimiento penal llevado a cabo ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico.[2] En consecuencia, el 31 de octubre de 2016 emitimos una Resolución ordenándole al alguacil de este Tribunal la incautación preventiva de la obra y el sello notarial del licenciado Velilla Reyes.[3] Además, se le concedió al letrado un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido de la abogacía y la notaría.

De conformidad con lo anterior, el 14 de noviembre de 2016 el licenciado Velilla Reyes presentó una *Moción en Cumplimiento de Orden*. Señaló que el veredicto del caso no era final y firme, pues se proponía apelarlo ante el Tribunal de Circuito de Apelaciones de Boston. Por tal

---

[2]    Véase la Hoja de Veredicto del Jurado (*Jury Veredict Form*) emitida el 12 de octubre de 2016 en el caso United States of America v. Lemuel Velilla-Reyes, Criminal No. 14-556 y 15-410 (DRD). En específico, se le encontró culpable en los siguientes delitos: Ocultar a una persona para evitar que sea arrestada (*Concealing person from arrest*), Fraude postal (*Mail fraud*) (2 cargos), Obstrucción a la debida administración de la justicia (*Endeavoring to obstruct, influence and impede the due administration of justice*) e Intervenir con un testigo, víctima o informante (*Tampering with a witness, victim, or an informant*).

[3]    El 21 de diciembre de 2016 el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN), presentó el *Informe Final sobre Estado de Obra Incautada*. Informó que depositó en el Archivo Notarial Distrito Notarial de Bayamón la obra del Lcdo. Lemuel Velilla Reyes (licenciado Velilla Reyes) que ya había sido inspeccionada y aprobada. En cuanto a la obra que quedaba pendiente de examen manifestó que la misma se inspeccionó y se aprobó. Como resultado de lo anterior, afirmó que no quedaba ningún asunto pendiente ante la ODIN. Finalmente, el 7 de febrero de 2017 se emitió Resolución dando por terminada la fianza notarial del licenciado Velilla Reyes.

razón, solicitó la suspensión provisional de su título de abogado hasta tanto la determinación en el trámite federal adviniera final y firme.[4] Evaluada la moción, el 9 de enero de 2017 emitimos una Resolución decretando la suspensión provisional del licenciado Velilla Reyes del ejercicio de la abogacía y la notaría (en adelante, señor Velilla Reyes). Además, le ordenamos mantenernos informados sobre el estado del procedimiento penal que obraba en su contra y se le apercibió que, de ser confirmada la condena, sería suspendido indefinidamente de la profesión legal.

Transcurrido más de un año sin tener noticias del señor Velilla Reyes, nuestra Secretaría realizó varias gestiones, tanto a nivel del Tribunal de Distrito Federal en Puerto Rico, así como del Tribunal de Circuito de Apelaciones, Primer Circuito de Boston, de las cuales trascendió que el señor Velilla Reyes nunca apeló el veredicto ni la sentencia impuesta. Surgió, además, información que revela que el señor Velilla se encuentra extinguiendo, de manera concurrente, una Sentencia de 18 meses de prisión en cada uno de los siguientes delitos: Obstruir la debida administración de la justicia (*Impede the due administration of justice*) e Intervenir con un testigo, víctima o informante (*Tampering with a witness, victim, or an informant*). Además, se encuentra cumpliendo

---

[4] En su escrito, el togado certificó que: (1) le notificó a sus clientes sobre su situación legal y, (2) no tenía casos activos en ningún Tribunal de Primera Instancia.

concurrentemente otra Sentencia de dieciocho (18) meses por el delito de Ocultar a una persona para evitar que sea arrestada (*Concealing a person from arrest*).[5]

II

Este Tribunal posee el poder inherente de reglamentar la práctica de la abogacía en nuestra jurisdicción. *In re Santos Báez*, 2017 TSPR 191, 198 DPR ____ (2017); *In re Ducoudray Acevedo*, 197 DPR 253 (2017). En el ejercicio de dicha facultad podemos desaforar o suspender a aquellos profesionales del Derecho que no muestren la aptitud necesaria para desempeñar tan delicado ministerio. *In re Santos Báez*, *supra*; *In re Ducoudray Acevedo*, *supra*; *In re Negrón Colón*, 196 DPR 850 (2016); *In re Rivera Herrans*, 195 DPR 689 (2016); *In re Segarra Aponte*, 194 DPR 653 (2016). Los motivos para ejercer nuestra facultad no se limitan a los específicamente dispuestos en alguna ley, sino que comprenden toda conducta exhibida por un letrado que afecta su condición moral y que lo haga indigno de pertenecer a este Foro. *In re Ducoudray Acevedo*, *supra*; *In re Rivera Herrans*, *supra*; *In re Segarra Aponte*, *supra*.

De conformidad con lo anterior, la Ley de 11 de marzo de 1909, *supra*, nos provee un procedimiento de suspensión sumaria de la profesión legal en aquellos casos en los que

---

[5] En las Sentencias de los tres (3) delitos antes mencionados al señor Lemuel Velilla Reyes se le impuso, además, el pago de sanciones penales monetarias (*criminal monetary penalties*) y un año de libertad supervisada (*supervised release*) a ser cumplida de forma concurrente una vez extinga la pena de reclusión. Valga señalar que de la información provista surge que los dos (2) delitos de Fraude postal (*Mail fraud*) fueron desestimados.

recaiga un dictamen de culpabilidad contra un letrado. *In re* Negrón Colón, *supra*. Esto es, cualquier abogado que resulte culpable por un delito cometido en el desempeño de su profesión o por un delito que implique depravación moral,[6] estará sujeto a la separación sumaria del ejercicio de la abogacía. *In re* Santos Báez, *supra*; *In re* Negrón Colón, *supra*. Sobre el particular, la Ley de 11 de marzo de 1909, supra, dispone:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. […] (Bastardillas en el original).

El mecanismo establecido en la anterior disposición legal torna innecesario recurrir al proceso disciplinario ordinario instituido en la Regla 14 del Reglamento de este Tribunal. *In re* Negrón Colón, *supra*.

Por otro lado, el Código de Ética Profesional, 4 LPRA Ap. IX (2012 y Supl. 2017) tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa […]". *In re* Espino Valcárcel, 2018 TSPR

---

[6]    Consistentemente hemos establecido que la depravación moral consiste en realizar aquello que es contrario a la justicia, a la honradez, a los buenos principios y a la moral. *In re* Ortiz Abrams, 194 DPR 492 (2016); *In re* Doitteau Cruz, 190 DPR 979 (2014); *In re* Marrero, 190 DPR 73 (2014).

30, 199 DPR ___ (2018). Conforme a estos principios, el Canon 9 de dicho cuerpo normativo, 4 LPRA Ap. IX (2012), le impone a los abogados y abogadas el deber de observar una conducta respetuosa hacia los tribunales. *In re Espino Valcárcel*, *supra*; *In re González López*, 2018 TSPR 28, 199 DPR ___ (2018); *In re Abreu Figueroa*, 2017 TSPR 126, 198 DPR ___ (2017); *In re Vázquez Bernier*, 2017 TSPR 124, 198 DPR ___ (2017). Ello comprende el compromiso de atender, diligente y oportunamente, las órdenes y los requerimientos emitidos por los foros judiciales. *In re Espino Valcárcel*, *supra*; *In re González López*, *supra*; *In re Mangual Acevedo*, 197 DPR 998 (2017). En innumerables ocasiones hemos reiterado que el desatender los requerimientos de este Tribunal, además de infringir dicho canon, constituye un desafío a nuestra autoridad y podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica legal. *In re McConnie Shorter*, 2018 TSPR 29, 199 DPR ___ (2018); *In re Avilés Vega*, 197 DPR 829 (2017).

### III

De los documentos que obran en el expediente de este Tribunal surge que el señor Velilla Reyes incurrió en las conductas delictivas graves que tenemos ante nuestra consideración mientras se encontraba en el desempeño de la función legal. En síntesis, el señor Velilla Reyes fue hallado culpable y sentenciado por llevar a cabo acciones afirmativas, en su capacidad como representante legal en

un proceso criminal, para ocultar a un fugitivo federal. En específico, el señor Velilla Reyes, conociendo la verdadera identidad del fugitivo, lo representó bajo un nombre falso ante miembros de la Policía de Puerto Rico, ante el Juez Municipal que presidió los procesos de la vista de causa probable para arresto y ante un fiador. Del mismo modo, aprovechándose de la falsa identidad, logró que el fugitivo fuera puesto en libertad bajo fianza y aseguró su comparecencia a futuros señalamientos judiciales. Sin embargo, ninguno de los dos (2) acudió a los mismos.

Sin duda alguna, las actuaciones del señor Velilla Reyes se distanciaron de los principios de honradez y moral que deben distinguir a todos los que pertenecemos a esta noble profesión y obstaculizaron e impidieron la debida administración de la justicia. Conforme a lo antes pormenorizado, concluimos que la conducta delictiva del señor Velilla Reyes, no solo acaeció mientras ejercía la profesión legal, sino que además constituyó depravación moral. Por lo tanto, en virtud de nuestro poder inherente de reglamentar la abogacía y acorde a lo preceptuado en la Ley de 11 de marzo de 1909, *supra*, entendemos que procede su suspensión permanente e indefinida del ejercicio de la abogacía.

Al tomar la anterior determinación, pesa también en nuestro ánimo el hecho de que el señor Velilla Reyes no nos mantuvo informados sobre el estado del proceso penal

que obraba en su contra. Ello en abierto menosprecio a lo ordenado en nuestra Resolución de 9 de enero de 2017.

IV

Por los fundamentos antes esgrimidos, decretamos la suspensión permanente e indefinida del señor Velilla Reyes del ejercicio de la profesión.

De conformidad con nuestro dictamen, procedería que le ordenáramos al señor Velilla Reyes notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no rendidos e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tuviera algún asunto pendiente. No obstante, el 14 de noviembre de 2016 el señor Velilla Reyes presentó una moción en la que certificó haberle informado a todos sus clientes de su situación legal, aseguró no tener asuntos pendientes ante ningún Tribunal de Primera Instancia e informó que otros abogados habían asumido la representación legal de sus clientes. De este modo, damos por cumplidas las directrices que corresponden en estos casos, no sin antes apercibirle al señor Velilla Reyes de su obligación de ponernos al tanto de cualquier información relacionada con lo anterior que aun quede pendiente, si alguna.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al señor Velilla Reyes por correo electrónico, y posteriormente, por correo certificado con acuse de recibo

a la institución carcelaria en la cual se encuentra extinguiendo su sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Lemuel Velilla Reyes                TS-5411        Conducta
                                                   Profesional


SENTENCIA

En San Juan, Puerto Rico a 11 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión permanente e indefinida del señor Lemuel Velilla Reyes del ejercicio de la abogacía.


De ordinario procedería que le ordenáramos notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no rendidos e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tuviera algún asunto pendiente. No obstante, el 14 de noviembre de 2016 el señor Velilla Reyes presentó una moción en la que certificó haberle informado a todos sus clientes de su situación legal, aseguró no tener asuntos pendientes ante ningún Tribunal de Primera Instancia e informó que otros abogados habían asumido la representación legal de sus clientes. De conformidad con lo anterior, se apercibe al señor Velilla Reyes de su obligación de ponernos al tanto de cualquier información relacionada con lo anterior que aun quede pendiente, si alguna.

Notifíquese inmediatamente la Opinión *Per Curiam* que antecede y esta Sentencia al señor Velilla Reyes por correo electrónico y posteriormente vía correo certificado con acuse de recibo a la institución carcelaria en la cual se encuentra extinguiendo su sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron. El Juez Asociado señor Estrella Martínez no interviene.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo