EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| | 2023 TSPR 134 |
| Walter Pierluisi Isern | 213 DPR ___ |

Número del Caso: TS-9,621

Fecha: 6 de noviembre de 2023

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por ser hallado culpable de delito que implica depravación moral.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Walter Pierluisi Isern                    TS-9,621

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de noviembre de 2023.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente a un integrante de la profesión legal que fue hallado culpable, en el ámbito federal, de delito que implica depravación moral y falta de honradez. Veamos.

I.

El Sr. Walter Pierluisi Isern (en adelante, "señor Pierluisi Isern") fue admitido al ejercicio de la abogacía el 8 de agosto de 1990 y al ejercicio de la notaría el 6 de diciembre de 1991.

El 29 de junio de 2023 el señor Pierluisi Isern presentó ante este Tribunal una *Solicitud de cambio a estatus de abogado(a) inactivo(a) en el Registro Único de Abogados y Abogadas*. En ésta, el señor Pierluisi Isern indicó que estaba retirado de la profesión legal desde junio de 2023, por lo que nos solicitó que autorizáramos su cambio de estatus. Asimismo, en su solicitud nos informó que había presentado una solicitud de cesación voluntaria ante la Oficina de Inspección de Notarías (en adelante, "ODIN")[1] y que no tenía quejas disciplinarias activas ante esta Curia.

Posteriormente, la Secretaría del Tribunal de Distrito Federal de los Estados Unidos para el Distrito de Puerto Rico nos remitió una copia de la *Sentencia* emitida el 13 de julio de 2023 en el caso *United States of America v. Walter Pierluisi Isern*, Caso Núm. 3:23-cr-00148-CVR-001. De la aludida *Sentencia* surge que el señor Pierluisi Isern se declaró culpable en dicho foro de un cargo de robo de fondos federales (*theft of federal funds*), en violación a lo dispuesto en el Título 18, Sección 666, subsección

---

[1] Precisa señalar que el 26 de julio de 2023 el Director de la ODIN, el Lcdo. Manuel Ávila De Jesús, nos confirmó que el 12 de julio de 2023 el señor Pierluisi Isern entregó voluntariamente su obra notarial, la cual consiste en dieciocho (18) Tomos (1992-1999, 2007, 2009-2011, los cuales constan aprobados, salvo el Tomo correspondiente al año 1999), un (1) Volumen del Libro de Registro de Testimonios (Asientos Núm. 1 al Núm. 906, el cual consta aprobado hasta el Asiento Núm. 877) y un Sello Notarial.

Luego de varios tramites procesales, el 13 de octubre de 2023 emitimos una *Resolución* en la cual, tras examinar el *Informe sobre el estado de obra notarial incautada* y el *Informe final del estado de obra notarial incautada* presentados por la ODIN, nos dimos por enterados de que ésta fue inspeccionada, aprobada y entregada al Archivo Notarial del Distrito Notarial de San Juan.

(a)(1)(A) del *United States Code Annotated*.[2] En consecuencia, el Tribunal de Distrito federal sentenció al señor Pierluisi Isern a cuarenta y tres (43) meses de reclusión, dos (2) años de libertad supervisada y una pena de restitución de $2,035,598.86.

Así las cosas, y debido a las serias imputaciones en su contra, el 17 de julio de 2023 una Sala de Verano de este Tribunal emitió una *Resolución* mediante la cual le concedió al señor Pierluisi Isern un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido provisionalmente del ejercicio de la abogacía y la notaría.[3] Lo anterior, al amparo de nuestro poder inherente para regular el ejercicio de la abogacía y lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *infra*. Además, en la referida *Resolución* denegamos la *Solicitud de cambio a estatus de abogado(a) inactivo(a) en*

---

[2] En específico, la Sección 666 del Título 18 del *United States Code Annotated* dispone lo siguiente:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists--
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
> (i) is valued at $5,000 or more, and
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or 18 USCA sec. 666(a)(1)(A).

[3] Sala de Verano integrada por el Juez Asociado señor Martínez Torres como su Presidente, la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Rivera García y señor Colón Pérez. La Jueza Asociada señora Pabón Charneco no interviene. Véase, *Resolución Nunc Pro Tunc* de 2 de agosto de 2023.

*el Registro Único de Abogados y Abogadas* presentada por éste.

Transcurrido el término concedido al señor Pierluisi Isern, éste no compareció ante nos. Consecuentemente, el 3 de agosto de 2023 emitimos una *Resolución* mediante la cual ordenamos la suspensión provisional e inmediata de este último del ejercicio de la abogacía y la notaría.[4] Además, le ordenamos al señor Pierluisi Isern a mantenernos informados sobre el estado del proceso penal en su contra en el caso de referencia.

Asimismo, le impusimos a este último el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos pertinentes. En específico, le concedimos un término de treinta (30) días para que acreditara y certificara ante esta Curia el cumplimiento con lo anterior. A la fecha de hoy, el señor Pierluisi Isern no ha cumplido con lo aquí ordenado.

Por último, apercibimos al señor Pierluisi Isern que una vez la *Sentencia* emitida en su contra adviniera final y firme, procederíamos a suspenderlo de manera indefinida de la profesión legal. Al advenir final y firme el referido dictamen, procedemos a así hacerlo.

---

[4] La Jueza Asociada señora Pabón Charneco no interviene. Véase, *Resolución* de 3 de agosto de 2023.

Es, precisamente, a la luz de los hechos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

## II.

Como es sabido, este Tribunal posee la facultad inherente de regular el ejercicio de la abogacía en nuestra jurisdicción. *In re Santamaría Torres*, 208 DPR 383, 385 (2021); *In re Velilla Reyes*, 200 DPR 248, 250 (2018); *In re Santos Ortiz*, 198 DPR 391, 395 (2017). En virtud de ese poder, esta Curia puede desaforar o suspender a los miembros de la profesión legal que no muestren la aptitud necesaria para desempeñar tan delicada labor. *In re Santamaría Torres*, *supra*, págs. 385-386; *In re Velilla Reyes*, *supra*, págs. 250-251; *In re Negrón Colón*, 196 DPR 850, 852 (2016). Véase, además, *In re Segarra Aponte*, 194 DPR 653, 656 (2016).

De forma específica, hemos dispuesto que el ejercicio de tal facultad disciplinaria no está limitado a lo dispuesto en alguna ley, sino que se extiende a toda conducta del abogado o la abogada que afecte su condición moral y lo haga indigno o indigna de pertenecer a este Foro. *In re Santamaría Torres*, *supra*, pág. 386; *In re Velilla Reyes*, *supra*, pág. 251; *In re Rivera Herrans*, 195 DPR 689, 691 (2016). En esa línea, esta Curia ha sentenciado que "toda conducta delictiva de un miembro de la profesión que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo". *In re Ortiz Abrams*,

194 DPR 492, 496 (2016). Véase, también, *In re Santamaría Torres*, *supra*; *In re Rivera Herrans*, *supra*. Lo anterior, es cónsono con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735, la cual establece un procedimiento de separación sumaria de la profesión legal en aquellos casos en que recaiga un dictamen de culpabilidad en contra de un abogado o abogada. S. Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado*, San Juan Pubs. JTS, 2010, pág. 356. Véase, además, *In re Velilla Reyes*, *supra.*

Al respecto, la Sec. 9 del referido cuerpo de ley dispone lo siguiente:

> El abogado [o abogada] que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado [o abogada] fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado [o abogada] o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada para dejar sin efecto o modificar la orden de suspensión. Ley de 11 de marzo de 1909, 4 LPRA sec. 734.

En específico, hemos expresado que la depravación moral supone actuar contrario a la ética, la justicia, la honradez, a los buenos principios o la moral. *In re*

*Santamaría Torres*, *supra*; *In re Negrón Colón*, *supra*, pág. 854; *In re Rivera Herrans*, *supra*, pág. 692. En consecuencia, "[c]uando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de un miembro de la profesión legal". *In re Peluzzo Perotín*, 195 DPR 323, 328 (2016).

Es, a la luz de la normativa antes expuesta, que procedemos a disponer del presente proceso disciplinario.

III.

Como mencionamos anteriormente, el señor Pierluisi Isern se declaró culpable en el foro federal del delito de robo de fondos federales. La conducta desplegada por éste, a todas luces, constituye depravación moral y demuestra total falta de respeto, honradez y sinceridad. En consecuencia, concluimos que el señor Pierluisi Isern no se encuentra apto para continuar en el ejercicio de la profesión legal.

Por ello, en virtud de nuestro poder inherente para reglamentar la abogacía y de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, procede la suspensión inmediata e indefinida del señor Pierluisi Isern del ejercicio de la abogacía y la notaría.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al señor Pierluisi Isern del ejercicio de la abogacía y la notaría.

Además, habiendo incumplido el señor Pierluisi Isern con nuestra *Resolución* de 3 de agosto de 2023, en la cual se le ordenó notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos pertinentes, se hace constar que su incumplimiento se tomará en consideración en caso que solicite reinstalación al ejercicio de la profesión.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Pierluisi Isern por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y por correo a la institución carcelaria en la cual se encuentra cumpliendo su *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Walter Pierluisi Isern                    TS-9,621

SENTENCIA

En San Juan, Puerto Rico, a 6 de noviembre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Sr. Walter Pierluisi Isern del ejercicio de la abogacía y notaría.

Además, habiendo incumplido el señor Pierluisi Isern con nuestra Resolución de 3 de agosto de 2023, en la cual se le ordenó notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos pertinentes, se hace constar que su incumplimiento se tomará en consideración en caso que solicite reinstalación al ejercicio de la profesión.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Pierluisi Isern por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y por correo a la institución carcelaria en la cual se encuentra cumpliendo su *Sentencia*.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no interviene.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo