EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                        | 2025 TSPR 100 |
|                               |               |
| Jorge L. Armenteros Chervoni  | 216 DPR ___   |

Número del Caso: TS-12,153

Fecha: 9 de octubre de 2025

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Representante legal del Sr. Jorge L. Armenteros Chervoni:

    Lcda. Daisy Calcaño López

Materia: Conducta Profesional – Suspensión indefinida del ejercicio de la abogacía y la notaría por ser hallado culpable de delitos que implican depravación moral.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*: <br><br> Jorge L. Armenteros Chervoni | TS-12,153 | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de octubre de 2025.

El Tribunal de Distrito Federal para el Distrito de Puerto Rico (Tribunal de Distrito) celebró un procedimiento criminal contra el Sr. Jorge L. Armenteros Chervoni en el caso *United States of America v. Jorge L. Armenteros Chervoni*, Caso Criminal Núm. 22-325 (RAM). El 18 de noviembre de 2022, un Jurado lo encontró culpable en cinco (5) cargos por los delitos de tratar de introducir contrabando a una prisión federal ("Attempting to provide contraband in prison") y proveer falso testimonio y falsa representación ("False statement and representantion") dispuestos en el Capítulo 87 de USCA 18 sec. 1791 (a)(1) y (b)(4) y Capítulo 47 de USCA 18 sec. 18 1001 (a)(2), respectivamente. En consecuencia, el 30 de noviembre de 2022 emitimos una Resolución, a la luz de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909 (4 LPRA sec. 735), en la que le concedimos un término de diez (10) días al señor Armenteros Chervoni para que mostrara causa por la cual no debíamos suspenderlo provisionalmente del ejercicio de la abogacía y la notaría. Además, le ordenamos acreditar la entrega de la obra protocolar y el sello notarial a la Oficina de Inspección de Notarías (ODIN).

El señor Armenteros Chervoni compareció el 30 de enero de 2023 y tras considerar su comparecencia emitimos una Resolución el 1 de febrero de 2023 suspendiéndolo inmediata y provisionalmente del ejercicio de la abogacía y la notaría. Además, le ordenamos que mantuviera a este Tribunal informado del estado del proceso penal que se ventilaba en su contra en el foro federal, así como de cualquier desarrollo que surgiera del referido trámite. De igual forma, le advertimos que, en la eventualidad de que el Tribunal Federal dictara sentencia condenatoria y esta

adviniera final y firme, procederíamos a suspenderlo indefinidamente del ejercicio de la abogacía y la notaría.

Así las cosas, el 25 de abril de 2023, el Tribunal de Distrito Federal para el Distrito de Puerto Rico emitió un fallo condenatorio contra el señor Armenteros Chervoni por los cinco (5) cargos imputados. El señor Armenteros Chervoni apeló la referida Sentencia y el 2 de mayo de 2025 concluyeron los trámites apelativos. Como resultado de ello, se confirmaron dos (2) de las condenas en su contra: (1) tratar de introducir contrabando en una prisión federal y (2) proveer falso testimonio y falsa representación.[1]

Hemos reiterado que este Tribunal tiene la facultad inherente de reglamentar la práctica de la abogacía en nuestra jurisdicción y de desaforar o suspender a los abogados que no sean aptos para ejercer la profesión. *In re Velilla Reyes*, 200 DPR 248, 250-251 (2018); *In re Colón Ledée*, 190 DPR 51, 54 (2014). Esta autoridad se extiende a toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este Foro. *In re Colón Ledée*, *supra*, pág. 54.

La Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual dispone que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. 4 LPRA sec. 735. A tono con ello, hemos reiterado que cuando recaiga un dictamen de culpabilidad, el abogado estará sujeto a la separación sumaria del ejercicio de la abogacía. *In re Negrón Colón*, 196 DPR 850, 852 (2016). Como es sabido, la depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral. *In re Colón Ledée*, *supra*, pág. 55.

Examinada la Sentencia condenatoria dictada por el Tribunal de Distrito de los Estados Unidos, la naturaleza del delito cometido por el abogado de epígrafe y tras haber advenido final y firme la referida Sentencia, es evidente que esta constituye causa para decretar la suspensión indefinida del señor Jorge L. Armenteros Chervoni del ejercicio de la abogacía y la notaría, conforme se le apercibió previamente mediante Resolución del 1 de febrero de 2023.

Publíquese.

---

[1] Véase la Sentencia emitida en el caso *US v. Jorge L. Armenteros-Chervoni, United States Court of Appeals For the First Circuit*, Crim. No. 23-1447.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.


                         Javier O. Sepúlveda Rodríguez
                         Secretario del Tribunal Supremo