EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Jaime Ferrer Fontánez | 2020 TSPR 101<br><br>205 DPR _____ |
| --- | --- |

Número del Caso: TS-16,146


Fecha: 9 de septiembre de 2020


Abogada del Lcdo. Jaime Ferrer Fontánez:

    Lcda. Daisy Calcaño López




Materia: La suspensión será efectiva 10 de septiembre de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jaime Ferrer Fontánez          TS-16,146

PER CURIAM

San Juan, Puerto Rico, a 9 de septiembre de 2020.

Hoy, ejercemos nuestro poder disciplinario en torno a un miembro de la profesión jurídica por incurrir en varios delitos graves que son altamente reprochables e incompatibles con la profesión legal. En vista de la gravedad de los delitos cometidos y de que los hechos incurridos reflejan depravación moral, decretamos la suspensión inmediata e indefinida del Lcdo. Jaime Ferrer Fontánez (licenciado Ferrer Fontánez) de la práctica de la abogacía y la notaría.

**I.**

El 18 de junio de 2015, el licenciado Ferrer Fontánez fue acusado de incurrir en los siguientes delitos: (1) cuatro cargos por infracción al delito grave de maltrato contenido en el Art. 3.1 de la Ley de Prevención e

Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 631; (2) una infracción al delito grave contenido en el Art. 57 de la Ley para la Seguridad, Bienestar y Protección de Menores, Ley Núm. 246-2011, 8 LPRA sec. 1172, y (3) una infracción al delito de manejo de vehículos de motor bajo los efectos de bebidas embriagantes contenido en el Art. 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, 9 LPRA sec. 5202. Ante ello, el 18 de agosto de 2016, el letrado hizo alegación de culpabilidad por los delitos reseñados y el Tribunal de Primera Instancia autorizó que éste se acogiera a los beneficios del sistema de libertad a prueba, en virtud de la Regla 247.1 de Procedimiento Criminal, 34 LPRA Ap. II. A su vez, la probatoria del licenciado Ferrer Fontánez exigía que éste fuese ingresado a un programa de tratamiento de drogas narcóticas.

Posteriormente, el letrado incumplió con las condiciones de su libertad a prueba. Debido a lo anterior, el Ministerio Público compareció ante el foro primario y solicitó la revocación de la probatoria concedida. A esos efectos, el 31 de enero de 2020, el Tribunal de Primera Instancia revocó la probatoria y dictó sentencia en la cual le impuso al licenciando Ferrer Fontánez una pena de reclusión de cuatro (4) años y ocho (8) meses y $500 de multa. Actualmente, el letrado se encuentra encarcelado. Además, cabe mencionar que el pasado 3 de marzo de 2020, comenzó otro juicio en contra del licenciado Ferrer

Fontánez por nuevas imputaciones a la Ley de Prevención e Intervención con la Violencia Doméstica, supra.

El licenciado Ferrer Fontánez nunca acudió ante este Tribunal para notificar este proceder. Al contrario, la Secretaría del Tribunal Supremo fue notificada de su convicción por una comunicación anónima.

Al advenir en conocimiento de la convicción del letrado, este Tribunal le concedió un término para que mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente de la profesión. Al comparecer, el licenciado Ferrer Fontánez solicitó que no fuese suspendido de la profesión. Arguyó que, al momento de cometer los delitos reseñados, estaba bajo los efectos de bebidas embriagantes. Así, adujo que, al no tener conocimiento de las consecuencias ni de los efectos de sus actos, no debía ser privado de su empleo y de su fuente de ingreso.

Una vez aclarados los hechos particulares de este caso, procedemos a exponer el Derecho aplicable a la controversia ante nos.

**II.**

Como es conocido, el Tribunal Supremo de Puerto Rico tiene el poder inherente de reglamentar el ejercicio de la abogacía. In re Colón Ledée, 190 DPR 51, 54 (2014). En virtud de tal facultad, tenemos la responsabilidad de suspender a aquellos abogados y abogadas que no se desempeñen con el rigor ético que la profesión requiere.

Íd. Ello, conlleva el deber de desaforar a todo miembro de la profesión jurídica que exhiba conducta inmoral e indigna de este Foro. In re García Suárez, 189 DPR 995, 998 (2013).

Cónsono con lo anterior, la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735, provee que todo miembro de la profesión que sea hallado culpable por engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de la abogacía, o que sea hallado culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido. A esos efectos, hemos definido consecuentemente que constituye depravación moral aquellos actos que sean contrarios a la justicia, la honradez, los buenos principios o la moral. In re Colón Ledée, supra, pág. 55; In re González Díaz, 163 DPR 648, 651 (2005). Asimismo, este Tribunal ha precisado que la depravación moral constituye "un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias". Morales Merced v. Tribunal Superior, 93 DPR 423, 430 (1966).

No obstante, la facultad disciplinaria de este Tribunal no se limita a estos supuestos en la ley. Al contrario, se extiende a toda conducta que exhiba

depravación moral y que se aparte de los postulados éticos. *In re Ducoudray Acevedo*, 197 DPR 253, 256 (2017). En ese sentido, "toda conducta delictiva de un letrado, que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo". *In re Rivera Herrans*, 195 DPR 689, 698 (2016).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Ferrer Fontánez.

### III.

Como adelantamos, el licenciado Ferrer Fontánez hizo alegación de culpabilidad y aceptó la comisión de delitos graves relacionados con violencia doméstica y con lacerar el bienestar y la seguridad de menores de edad. Ante este lamentable expediente, concluimos que la conducta exhibida por el licenciado Ferrer Fontánez es constitutiva de depravación moral y, por tanto, merecedora de su desaforo inmediato de la profesión.

Indudablemente, los actos realizados por el licenciado Ferrer Fontánez violentaron gravemente la integridad y la dignidad de otras personas, y constituyen una gran injusticia con lamentable recurrencia en nuestro País. Tal conducta deplorable es contraria a los postulados más básicos de equidad, dignidad y respeto, por lo que no tiene espacio en la profesión legal.

Ciertamente, los delitos cometidos conllevan que suspendemos al letrado inmediata e indefinidamente del ejercicio de la abogacía y notaría.

## IV.

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Jaime Ferrer Fontánez del ejercicio de la abogacía y notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del  Sr. Jaime Ferrer Fontánez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones

notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia al Sr. Jaime Ferrer Fontánez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jaime Ferrer Fontánez

TS-16,146

SENTENCIA

San Juan, Puerto Rico, a 9 de septiembre de 2020.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de le presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Jaime Ferrer Fontánez del ejercicio de la abogacía y notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de **treinta días** contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Jaime Ferrer Fontánez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones

notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión <u>Per Curiam</u> y Sentencia al Sr. Jaime Ferrer Fontánez.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo